UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA OVERTON, on behalf of her minor son, J.L. | CIVIL ACTION |
| VERSUS | NO: 24-00767 |
| GARLAND S. DUPLESSIS, SR., et al. | SECTION: T (4) |

## **ORDER AND REASONS**

Before the Court is a Motion to Stay filed by Defendants City of New Orleans and Dichelle Williams. R. Doc. 32. Defendants seek to stay the action against them pending the outcome of ongoing criminal proceedings against Defendant Garland S. Duplessis, Sr., in Criminal District Court for the Parish of Orleans, State of Louisiana, Cse No. 561949, Section "J." R. Doc. 9. Plaintiff Angela Overton on behalf of her minor son, J.L., has stated in a letter from her counsel to the Court dated March 18, 2025, that she does not oppose the motion to stay. Having reviewed the Motion to Stay, counsel's letter, and the assertions therein, as well as the applicable law,[1] the Court

---

[1] A district court may stay a civil action pending the resolution of a related criminal proceeding under "special circumstances." *S.E.C. v. First Financial Group*, 659 F.2d 660, 668 (5th Cir. 1981). To determine whether special circumstances exist, the court must "balance the competing constitutional and procedural interests of the parties," as illustrated through a six-factor test. *Hatten ex rel. Mast v. Gimelstob*, Nos. 96-243, 96-2734, 1996 WL 627863 (E.D. La. Oct. 29, 1996). These factors include:

> 1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

1

finds that a stay pending the outcome of the criminal proceedings serves the interests of justice in this case. When "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions. *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *see also, Mayo v. Tri–Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir.1986).

Accordingly,

**IT IS ORDERED** that this matter is stayed and administratively closed pending the resolution of the criminal matter. Within sixty days of the resolution of the criminal matter, any party may move to reopen the case and to lift the stay.

**IT IS FURTHER ORDERED** that Plaintiff may file her motion to substitute at the

---

2. The status of the criminal case, including whether the defendant has been indicted;
3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;
4. The private interests of and burden on the defendant;
5. The interests of the courts; and
6. The public interest.

*U.S. v. ATP Oil & Gas Corp.*, No. 13-0262, 2013 WL 6184991, *3 (E. D. La. Nov. 26, 2013)(citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test).

appropriate time, in or around May 2025, without first having to request the Court lift the stay and reopen the case.

New Orleans, Louisiana, this 20th day of March 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE